Filed 2/18/22  In re K.G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re K.G. et al., Persons Coming Under the Juvenile Court Law. | B315934 (Los Angeles County Super. Ct. No. 20CCJP01885) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. S.T., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Sabina A. Helton, Judge.  Reversed and remanded with directions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court terminated the parental rights of S.T (mother) to her children, K.G. and P.G., under Welfare and Institutions Code section 366.26.[1]  Mother appealed from the termination order, contending that it should be conditionally reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA)[2] and related California statutes.  No interested party filed a respondent's brief; instead, mother and the Department of Children and Family Services (the Department) filed a joint petition and stipulation for limited reversal and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remand.

The present case involves reversible error because the parties agree, and we concur, there was noncompliance with ICWA and related California provisions.  (*In re K.R.* (2018) 20 Cal.App.5th 701, 706–709; see also *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)  And, after reviewing the entire record, we find that the statutory requirements set forth at Code of Civil

_____

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     Title 25 United States Code section 1901, et seq.

2

Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

# DISPOSITION

The juvenile court's June 25, 2021, order terminating parental rights under section 366.26 is conditionally reversed and remanded for ICWA compliance. On remand, the court shall proceed as follows:

1. The court shall order the Department to conduct a further inquiry investigation into mother's claims of Indian heritage, including making diligent efforts to interview mother, the maternal grandfather, the maternal great-grandmother, and all known extended family members, for the purpose of obtaining information required for ICWA notice compliance.

2. The court shall order the Department to contact the Cherokee Nation, the Eastern Band of the Cherokee Indians, United Keetoowah Band of the Cherokee Indians and provide those tribes with such information as they deem necessary to allow them to determine if the children, K.G. and P.G., are members of one of those tribes or eligible for membership in one of them. This contact may be by telephone, facsimile transmission, or electronic mail.

3. The court shall order the Department to document its further inquiry investigation, including its interviews with family members and attempts to conduct such interviews, its contact with the tribes, and the information obtained from the tribes, and to provide that documentation to the juvenile court.

4. The court shall conduct a noticed hearing with reappointed counsel for mother and L.G. (father) to review the adequacy of the Department's further inquiry investigation and the information obtained from the tribes. If the court determines that the Department's further inquiry investigation was

adequate and that there is no reason to know that K.G. and P.G. are "Indian children" as that term is defined under ICWA, the court shall reinstate the order.

5.     If the court determines that the Department's investigation was adequate and that there is a reason to know that K.G. and P.G. are "Indian children" as that term is defined under ICWA, the court shall order the Department to provide adequate ICWA notice to the tribe or tribes, mother, father, and the regional Bureau of Indian Affairs and shall proceed thereafter in compliance with ICWA and related California statutes.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.


5